IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ARCH SPECIALTY INSURANCE COMPANY, :
:
    Plaintiff, :
:
    vs. : Case No. 06C 2864
:
RAYTEL MEDICAL CORPORATION and :
HOWARD SCHICKLER, individually and on :
behalf of a class of all others similarly situated. : **JURY TRIAL DEMANDED**
:
    Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### AMENDED COMPLAINT FOR
### DECLARATORY JUDGMENT

  Plaintiff Arch Specialty Insurance Company ("Arch"), by and through its undersigned attorneys, by way of its Amended Complaint for Declaratory Judgment states as follows:

  1.  This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Arch seeks an adjudication of its rights and obligations under a healthcare professional and general liability and umbrella policy under which Raytel Medical Corporation ("Raytel") is a named insured.

### PARTIES

  2.  Arch is a corporation incorporated under the laws of the State of Wisconsin with its principal place of business located in New York, New York.

  3.  Raytel is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Windsor, Connecticut.

4. Howard Schickler ("Schickler") is a citizen and resident of the State of Illinois.

## JURISDICTION AND VENUE

5. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. An actual justiciable controversy exists between Arch and the defendants within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided under the Arch policy, as more particularly described below.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE INSURANCE POLICY

9. Arch issued to Named Insured SHL Telemedicine North America, Inc. of Windsor, Connecticut a healthcare professional and general liability and umbrella policy, effective February 2, 2005 to February 2, 2006 under policy number FLP0004648-00 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

10. The Policy was amended by Endorsement to include Raytel as the Named Insured.

11. The Policy contains a Healthcare General Liability Coverage Form. Coverage B thereunder insures those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed during the policy period.

12. The Policy defines "personal and advertising injury," in pertinent part, as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

\* \* \*

e. Oral or written publication of material that violates a person's right of privacy.

13. The Policy contains the following relevant exclusions in the body of the policy:

This insurance does not apply to:

\* \* \*

3. **Criminal Acts**
"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

\* \* \*

9. **Knowing Violation Of Rights Of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

11. **Material Published With Knowledge Of Falsity**
"Personal and advertising injury" arising out of oral or written publication, television or radio or other electronic publication of any kind whatsoever (including, but not limited to publication by means of Internet, extra-net, e-mail or website), of material, if done by or at the direction of the insured with knowledge of its falsity.

- 3 -

## UNDERLYING ACTION

14. This action addresses coverage for a purported class action lawsuit filed on or about February 14, 2006 in the Circuit Court of Cook County, Illinois County Department, Chancery Division under case number 06CH3091, entitled *Howard Schickler, individually and on behalf of a class of all others similarly situated v. St. Jude Medical, Inc. and Raytel Medical Corp.* (the "Underlying Action"). The Complaint filed in the Underlying Action is attached hereto as Exhibit B (the "Underlying Complaint").

15. The Underlying Action was subsequently removed to the United States District Court for the Northern District of Illinois, Eastern Division, and has been assigned case number 06C1513.

16. The Underlying Complaint alleges various causes of action including invasion of privacy and alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("DBPA").

17. The claims in the Underlying Complaint against Raytel are all premised upon the allegation that Raytel improperly obtained confidential medical and health information and records of Schickler and the purported class, and used such information and records to market and sell to the class members a home Coumadin monitoring service developed and offered by Raytel through unsolicited letters and telephone calls.

18. Although an "oral or written publication of material that violates a person's right of privacy" is a covered offense under Coverage B of the Healthcare General Liability Coverage Form, the Underlying Complaint does not allege that the letters sent or telephone calls made by Raytel included any content or information that violated their privacy.

- 4 -

19. Since the Underlying Complaint does not allege that the "material" in Raytel's letters or telephone calls violated the privacy of Schickler or the Class, the Underlying Complaint does not allege an offense falling within the definition of "personal and advertising injury," and therefore does not trigger Arch's duty to defend under the Policy.

20. Even if the Underlying Complaint could be construed to allege "personal and advertising injury," as defined by the Policy, it is indisputable, based on the allegations, that Raytel had knowledge that its use of protected and confidential medical information obtained from St. Jude for marketing purposes would violate the rights of Schickler and the Class and inflict such "personal and advertising injury."

21. Additionally, the Underlying Complaint alleges that Raytel sent sales letters to members of the Class describing Raytel's home monitoring service and typed the name of the Class members' surgeons and the hospitals with which they were affiliated in the signature block of the letters, without their permission, falsely making it appear that each letter had been sent by that doctor and hospital, and in effect stating those surgeons and hospitals endorsed and recommended Raytel's service. (Underlying Complaint, ¶ 17).

22. The Underlying Complaint further alleges that, in addition to the letters, Raytel improperly telephoned Class members to solicit them to purchase the home monitoring service, misrepresenting themselves in these calls as being from the hospitals where the patients' heart surgeons worked, and where the operations were performed, without regard to whether the patients had placed their name on the FCC's widely publicized "do not call" list. (Underlying Complaint, ¶ 19).

## ARCH'S RESERVATION OF RIGHTS AND DENIAL OF COVERAGE

23. On or about February 24, 2006, Raytel tendered the Underlying Action to Arch seeking coverage under the Policy.

24. By letter dated March 28, 2006, Arch's counsel informed Raytel's counsel that the Underlying Complaint did not allege any claims that were potentially covered under the Policy. In addition, the letter stated that even if there were some underlying claims that were potentially covered, such claims would be excluded by the exclusions cited above. A true and correct copy of the March 28, 2006 letter is attached hereto as Exhibit C.

25. The March 28, 2006 letter further stated that Arch was prepared to conduct a coverage investigation, and provide Raytel with an opportunity to provide Arch with any additional information and documentation outside the four corners of the Underlying Complaint which Raytel believed might establish the possibility of coverage for the claims alleged in the Underlying Complaint. In addition, as part of Arch's coverage investigation, Arch requested that Raytel provide certain categories of documents.

26. The March 28, 2006 letter further stated that, while Arch conducted its coverage investigation, it would provide a defense to Raytel under the Policy on an interim basis by funding the reasonable and necessary defense-related activities of Raytel's chosen independent counsel, Jenner & Block LLP.

27. Arch expressly reserved its right to seek reimbursement from Raytel for any sums expended by Arch which may be determined to have exceeded Arch's obligations under the Policy. Furthermore, Arch reserved its right to withdraw its agreement to provide a defense upon completion of its coverage investigation if that investigation did not reveal the existence of facts triggering a duty to defend under the Policy.

28. By letters dated April 18, 2006 and May 12, 2006, Raytel, through its counsel, refused to provide Arch with any other information outside of the Underlying Complaint which might establish the possibility of coverage, and therefore apparently no such information exists.

29. On May 23, 2006, Arch informed Raytel that, in light of its refusal to provide Arch with any further information outside the allegations of the Underlying Complaint, Arch had no option but to base its coverage determination solely upon the allegations of the Underlying Complaint, and would therefore immediately withdraw the provision of a defense to Raytel in the Underlying Action. A true and correct copy of the May 23, 2006 letter is attached hereto as Exhibit D.

30. On May 25, 2006, an Amended Class Action Complaint was filed in the Underlying Action ("Underlying Amended Complaint") in which the claims against Raytel for invasion of privacy and violations of the DBPA were dropped. A copy of the Underlying Amended Complaint is attached hereto as Exhibit E, which was sent to Arch by Raytel's counsel on May 31, 2006.

31. The remaining claims against Raytel in the Underlying Amended Complaint do not allege a covered offense under Coverage B of the Healthcare General Liability Coverage Form, and therefore do not trigger Arch's duty to defend or indemnify under the Policy.

## COUNT I

### DECLARATORY JUDGMENT -- UNDERLYING COMPLAINT

32. Arch hereby incorporates and realleges the allegations in paragraphs 1 through 31 as if fully set forth herein.

33. Raytel has demanded that Arch defend and indemnify it under the Policy with respect to the Underlying Complaint.

34. Based upon the allegations of the Underlying Complaint, and as more fully set forth in the March 28, 2006 and May 23, 2006 letters, Arch has no duty to defend Raytel in the Underlying Action.

35. An actual controversy exists between Arch and the defendants with respect to the rights and obligations of Arch under the Policy in connection with the Underlying Complaint.

36. A declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the parties in connection with the Policy and the Underlying Complaint.

37. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, Arch requests that the Court declare the following:

    a. Arch is not obligated under the Policy to defend Raytel in connection with the Underlying Complaint;

    b. Arch is entitled to reimbursement from Raytel of all fees, costs and expenses it has paid in connection with the defense of Raytel in the Underlying Action; and

    c. If the Court finds that Arch has a duty to defend Raytel, then Arch is only obligated to pay the independent counsel selected by Raytel the normal hourly rate that Arch pays to other counsel with similar experience who represent its insureds in similar cases in Cook County, State of Illinois.

## COUNT II

## DECLARATORY JUDGMENT -- UNDERLYING AMENDED COMPLAINT

38. Arch hereby incorporates and realleges the allegations in paragraphs 1 through 37 as if fully set forth herein.

39. Raytel has demanded that Arch defend and indemnify it under the Policy with respect to the Underlying Amended Complaint.

40. Based upon the allegations of the Underlying Amended Complaint, Arch has no duty to defend or indemnify Raytel in the Underlying Action.

41. An actual controversy exists between Arch and the defendants with respect to the rights and obligations of Arch under the Policy in connection with the Underlying Amended Complaint.

42. A declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the parties in connection with the Policy and the Underlying Amended Complaint.

43. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, Arch requests that the Court declare the following:

    a. Arch is not obligated under the Policy to defend Raytel in connection with the Underlying Amended Complaint;

    b. Arch is not obligated under the Policy to indemnify Raytel in connection with the Underlying Amended Complaint;

    c. Arch is entitled to reimbursement from Raytel of all fees, costs and expenses it has paid in connection with the defense of Raytel in the Underlying Action; and

        d.      If the Court finds that Arch has a duty to defend Raytel, then Arch is only obligated to pay the independent counsel selected by Raytel the normal hourly rate that Arch pays to other counsel with similar experience who represent its insureds in similar cases in Cook County, State of Illinois.

WHEREFORE, Plaintiff Arch Specialty Insurance Company prays as follows:

(a)     For a judgment declaring that Arch has no duty to defend Raytel in the Underlying Action with respect to the Underlying Complaint;

(b)     For a judgment declaring that Arch has no duty to defend or indemnify Raytel in the Underlying Action with respect to the Underlying Amended Complaint;

(c)     For a judgment declaring that Arch is entitled to reimbursement from Raytel of all fees, costs and expenses it has paid in connection with the defense of Raytel in the Underlying Action; and

(d)     For such other and further relief as this Court may deem just and proper.

- 10 -

Dated:   July 13, 2006

                                          Respectfully submitted,
                                          ARCH SPECIALTY INSURANCE COMPANY

                                          By:   /s/ Mary F. Stafford
                                                  One of its Attorneys

Mary F. Stafford
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603
312.855.1010
        (Local Counsel)

Julius A. Rousseau, III.
HERRICK, FEINSTEIN LLP
 2 Park Avenue
New York, NY 10016
212.592.1400

- 11 -

## CERTIFICATE OF SERVICE

I, Mary F. Stafford, hereby certify that on July 13, 2006, I causd a copy of the foregoing Amended Complaint for Declaratory Judgment to be filed electronically. I certify that I caused a copy of the foregoing Amended Complaint for Declaratory Judgment to be sent by U.S. Mail, first class postage prepaid, to:

Christopher C. Dickinson, Esq.
Jennfer & Block LLP
One IBM Plaza
Chicago, IL 60611-7603

Charles R. Watkins, Esq.
Susman, Watkins & Wylie, LLP
20 S. Clark St., Suite 600
Chicago, IL 60603

Julius A. Rousseau, III, Esq.
Alan R. Lyons, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016

/s/ Mary F. Stafford